# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2021

Lyle W. Cayce
Clerk

No. 19-60883
Summary Calendar

BESMIR GJINI,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A212 904 526

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Besmir Gjini, a native and citizen of Albania, petitions us to review the Board of Immigration Appeal's approval of his order of removal. He argues that he has proven the elements of his asylum and withholding of removal claims on the basis of past persecution and fear of future persecution. The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-60883

Board rejected Gjini's appeal of his past persecution claim on the grounds of the harm he described not being extreme enough. The Board also rejected Gjini's fear of future persecution claim because Gjini did not prove relocation within his home country would be unreasonable. We review decisions of the Board with deference and only overturn their conclusions when the evidence compels us. *See Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007)

Persecution for the purposes of a past persecution asylum claim must be extreme conduct. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Our precedent holds that harm analogous to what Gjini described experiencing is not statutory persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 584 (5th Cir. 1996); *Eduard v. Ashcroft*, 379 F.3d 182, 187-88 (5th Cir. 2004). Gjini asserts that he has experienced more harm than the aliens in these cases, but we are not compelled to agree. *See Singh v. Barr*, 818 F. App'x. 331, 334 (5th Cir. 2020).[1]

Gjini also presents us with argument concerning the other elements of a past persecution claim. We have no grounds to review these arguments because this claim cannot succeed without first proving persecution. *See Matter of A-B-*, 27 I. & N. Dec. 316, 340 (Att'y Gen. 2018)

Asylum can also be based on a reasonable fear of future persecution. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001). This fear is not reasonable when relocation is possible. 8 C.F.R. § 208.13(b)(2)(ii). Reviewing the evidence does not compel us to find that relocation is unreasonable in this case. *See Eduard*, 379 F.3d at 194.

---

[1] Unpublished opinions may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 19-60883

As Gjini cannot fulfill the elements of his asylum claim he necessarily fails to fulfill the higher standard required for withholding of removal.  *See Majd*, 446 F.3d at 595.

DENIED.